OLF 8 (Official Local Form 8)

## United States Bankruptcy Court
### District of Massachusetts, Springfield Division

IN RE:  
Henry, Keino O  
Debtor(s)

Case No. _____  
Chapter 13 _____

## ACKNOWLEDGMENT BY DEBTOR(S) AND ATTORNEY FOR DEBTOR(S) OF RESPONSIBILITIES IN CHAPTER 13 CASES

It is important for both the chapter 13 debtor(s) and the attorney for the chapter 13 debtor(s) to understand their responsibilities. To foster such understanding, the following provisions set forth responsibilities for a successful completion of a chapter 13 case. This Acknowledgment of these responsibilities is not the written agreement required by MLBR Appendix 1, Rule 13-7(c). Please be sure that the debtor(s) and attorney have also executed such an agreement.

The parties acknowledge by their signatures below that they have read and that they understand the following provisions.

### BEFORE THE CASE IS FILED

The **DEBTOR(S)** agrees to:

1) Discuss with your attorney your objective in commencing your chapter 13 case after considering filing a case under chapter 7 or chapter 11 and inform your attorney of any imminent deadlines.

2) Provide your attorney with documentary evidence of your income from all sources and the value of assets in which you have an interest, together with a copy of any declaration of homestead, as well as proof of insurance on any real property or automobiles in which you have an interest, a copy of your last federal tax return, and any other documents that your attorney believes that the trustee might reasonably request in order to assess whether your proposed chapter 13 plan should be confirmed.

3) Promptly respond to all communications from your attorney.

4) Cooperate with your attorney in preparing all required bankruptcy forms and other required documents.

5) Obtain a Certification of Credit Counseling.

6) Review all drafts of documents and promptly advise your attorney of any corrections or additions that may be required before signing the petition, schedules, and chapter 13 plan.

The **DEBTOR(S)** understands the following and that the Debtor(s) will:

1) Meet in person with your attorney to review your debts, assets, income, and expenses, as well as your objectives in commencing a chapter 13 case.

2) Be provided with a fully executed copy of an Engagement Letter or Fee Agreement.

3) Be advised of the requirements for obtaining a credit counseling certificate before the case is filed and the necessity of completing the financial management course in order to obtain a discharge.

4) Be required to provide documentation about household income, including pay advices and tax returns, and be advised about the on-going need to both timely file tax returns and pay post-petition taxes.

5) Be required to provide documents to your attorney such as deeds, mortgages, tax returns, paystubs, and/or other information that may be needed for your attorney to timely prepare, review, and file the petition, statements, schedules, and chapter 13 plan.

_KH_

6) Sign your petition and chapter 13 plan and other documents requiring your signature after verifying with your attorney that the information is consistent with documentation provided (redacted where appropriate of all personal identifiable information).

7) Be advised how, when, and where to make the chapter 13 plan payments to the trustee, and, if applicable under the chapter 13 plan, be advised of the obligation to continue making direct payments to secured creditor(s), without interruption, and the likely consequences for failure to do so.

8) Be made aware of the requirement to attend the 11 U.S.C. § 341 meeting of creditors and the consequences of failing to appear.

9) Be required to maintain current and sufficient property and liability insurance if you own any real estate, automobiles, or other valuable personal or business assets.

10) Be aware that some claims will accrue interest after the case is filed and others may not be discharged upon completion of the chapter 13 plan, such as student loans.

**AFTER THE CASE IS FILED:**

**The DEBTOR(S) agrees to:**

1) Inform your attorney of any changes to your address, telephone number, or other contact information.

2) Timely make chapter 13 plan payments to the trustee as instructed by your attorney or the trustee.

3) Timely make payments directly to secured creditor(s) pursuant to your chapter 13 plan, if applicable.

4) Inform your attorney promptly if any of the following circumstances arise:

   a) you lose your job or have other financial problems (your attorney may be able to have the chapter 13 plan payments reduced or suspended in those circumstances);

   b) you are sued or are contemplating filing a lawsuit or settling a pending lawsuit;

   c) you want to buy, sell, or refinance any real or personal property;

   d) you need to borrow money (e.g., to replace a vehicle);

   e) you receive a tax refund, bonus, or other unexpected funds;

   f) you have suffered a loss with respect to any property (e.g., automobile accident, house fire); and

   g) you experience other circumstances that may require modification of your chapter 13 plan, such as a divorce or the death of a co-debtor spouse;

5) Complete the required instructional course in personal financial management.

6) If you have a domestic support obligation, advise your attorney of your payment obligations and the contact information for the recipient of the domestic support obligation, and be aware that you must make all required payments to be eligible for a discharge.

7) Understand that your attorney cannot guarantee the outcome of your chapter 13 case and understand that the Court might make a ruling adverse to your perceived interests.

8) Comply with all orders of the Bankruptcy Court.

**The ATTORNEY understands that services to be delivered include the obligation to:**

1) Provide legal services as necessary for the administration of the case consistent with MLBR 9010-2 and MLBR Appendix 1, Rule 13-6, and all other applicable federal and local rules of bankruptcy procedure.

_KH_

## Kovacs Law, P.C.

Phone: (508) 926 – 8833 • E-Mail: Robert@KovacsLawFirm.com

17. **Fees for Terminated Agreement:** If this agreement is terminated by either Attorney or Client, Attorney will provide to Client an accounting of Client's file. Attorney shall bill Client at the rates described above plus expenses for work performed by Attorney and staff. If a refund is due Client, Client must request such refund in writing. In the event no such written request is made Attorney may, at Attorney's discretion, forwarded to Client a refund at the last known address of Client. If necessary refunds may be turned over to proper governmental agencies.

18. **Refund Upon Dismissal of the Case:** If your case is dismissed prior to completing your plan then an accounting for your file will be performed. To the extent that Attorney has received fees in excess of fees and expenses incurred during your case, then Client will be entitled to a refund of the unused portion of the fees. Attorney will be required to continue to provide work on the matter even after dismissal such fees and expenses will be charged Client even after dismissal and prior to a refund.

19. **Returned Checks:** Client will incur a $35 fee for any check returned not paid, including, but not limited to, checks returned for insufficient funds.

20. **File retention / destruction policy:** Unless otherwise required by law, at the conclusion of this matter, we will retain your legal files for a period of 5 years after we close our file. At the expiration of the 5-year period, we will destroy these files unless you notify us in writing that you wish to take possession of them. We reserve the right to charge administrative fees and costs associated with researching and retrieving, copying and delivering such files.

21. The Massachusetts Bankruptcy Court has established local rules regarding fees to be paid in a chapter 13 case. Those Local Rules are attached to this Fee Agreement. Client acknowledges receipt of a copy of Massachusetts Local Bankruptcy Rule 13-7, annexed hereto as Exhibit No. 1. To the extent any term in this agreement is inconsistent with such Rule, the parties hereby agree that the provisions of Massachusetts Local Bankruptcy Rule 13-7 shall control, and the remaining portions of this agreement will remain unaltered and in full force and effect.

Each of us has carefully read the above agreement. We agree that it fairly represents the basis of our agreement. We each understand its terms and each sign it as our free act and acknowledge receipt of a copy of the same.

We further acknowledge that this is a legally binding contract. We may each obtain independent legal counsel to review this agreement, at our own expense.

Date: Feb 14, 2023

CLIENT: Keino Henry     2/15/23
Robert Kovacs     CLIENT:
Robert W. Kovacs, Jr., esq. or another authorized member of Kovacs Law, P.C.     Feb 14, 2023

131 Lincoln Street • Worcester, MA 01605
www.KovacsLawPC.com

Page 4 of 4

# Kovacs Law, P.C.

Phone: (508) 926 – 8833 • E-Mail: Robert@KovacsLawFirm.com

**Fee Agreement: Chapter 13 Bankruptcy:**

This is an agreement between the Kovacs Law, P.C. ("Attorney") and Keino Henry ("Client") from the city of ___Springfield___ county of ___Hampden___ Massachusetts.

1. Client is hiring Attorney to represent Client in a Chapter 13 bankruptcy matter.

2. **Fees:** Client agrees to pay attorney an advanced payment of fees and expenses as follows:
   **Total Advanced Payment Due Attorney**          $ 800.00
   **Payment Terms:**
   
   | | | |
   |---|---|---|
   | Advanced Payment | $ 0.00 | paid on NA |
   | Outstanding Balance Due | $ 800.00 | |
   | Number of Months | 1 payment | |
   | Amount Per Month | $ 800.00 | |
   | Payment Date | due ~~prior to filing your~~ case with the court | |

**Estimated Additional Fee to be paid as an administrative expense through your chapter 13 plan**

est.  $_____* *this number may be higher or lower depending on required case expenses and actual legal time spent on your case.

Total Estimated Legal Fee to be paid attorney, excluding case expense: $ 5,000.00. In addition to this amount the expenses listed below will be added to the above fee. In the event your bankruptcy plan or finances have any of the following circumstances then an additional $1,500.00 will added to your plan. Cure mortgage arrears through a home loan modification or sale of your real estate, you had a prior case that was dismissed in last 12 months, or you have a pending personal injury or other claim. NOTE THIS AMOUNT is an estimate. Your case is being handle on an hourly basis, the actual legal fee may be higher or lower than the amount listed.

3. **Expenses to be paid:** The following estimated expenses, if necessary, will be added to the total amount "case expense" listed above:

| Fee | Amount | Amount charged If known |
|---|---|---|
| Filing Fee | $313.00 | $313.00 |
| Estimated Printing and Postage | $200.00 | $200.00 |
| First Amended Matrix / Schedule D or E/F | $32.00 | $ |
| Bankruptcy Counseling | $40.00 – $60.00 | $ |
| Credit / Financial Reports | $35.00 – $100.00 | $ |
| Homestead Recording | $35.00 | $ |
| Tax Transcript | $50.00 - $100.00 | $ |
| BPO/CMA/Appraisal | $50.00 - $500.00 | $ |

Please note additional expenses may be come due and owing throughout your case.

4. **Calculation of Legal Fee:** The Legal Fee listed above is based on information client provided during a consultation with Kovacs Law, P.C, if after a review of Clients' documents, it appears that Clients' case contains complexities that were not disclosed during the consultation

131 Lincoln Street • Worcester, MA 01605
www.KovacsLawPC.com

kH

Page 1 of 4

## Kovacs Law, P.C.

Phone: (508) 926 – 8833 • E-Mail: Robert@KovacsLawFirm.com

additional pre-petition fees may be charged, in this event Client and Attorney will enter into a new Fee Agreement.

**The fee includes the following services:**
   a) Be available to work with your creditors and answer your questions;
   b) You may refer your creditors to us;
   c) Attorney will keep Client informed about Client's case; this includes Attorney providing to Client copies of all pertinent documents as soon as practical;
   d) Analyze your financial situation, and give you advice to help you determine whether to file a petition in bankruptcy; and counsel you on filing bankruptcy under Chapter 7, 11, 12, or 13;
   e) Provide you with the required bankruptcy disclosures;
   f) Prepare and file any petition, schedules, statements, exhibits, and plans which may be required;
   g) Meet with you to review and execute your bankruptcy filing;
   h) Represent you at the meeting of creditors and court hearings on, objection to plan, confirmation of plan, objection to exemptions and other reasonable anticipated court appearances (adversarial actions are not included);
   i) Provide you with a copy of the petition and miscellaneous correspondence relating to your case;
   j) Preparing and recording a Declaration of Homestead, if necessary.

5. **The fee does not include:**
   a) Representing you in any dischargeability action or any other adversary proceeding;
   b) Advice and/or representation which are not bankruptcy related or expressly stated above;
   c) Tax return preparation or tax advise;
   d) Providing extra copies of documents;
   e) Out of pocket expenses, including but not limited to printing and postage expenses;
   f) Any other matter not expressly provided for in this agreement.

6. **Hourly Billing:** The legal fee provided for in this agreement is based on an estimate of time to be spent on Client's case. **THIS CASE IS NOT BEING HANDLE ON A FLAT FEE.** Fees will be charged at our hourly rates plus expenses. Hourly Rates are as follows:

   | | | | |
   |---|---|---|---|
   | Attorney Kovacs | $300.00 | per | hour |
   | Associate Attorney | $275.00 | per | hour |
   | Senior Paralegal | $130.00 | per | hour |
   | Junior Paralegal | $115.00 | per | hour |

   Time will be tracked, and Client will be billed at the rates listed above. All time is rounded up to the nearest 1/10th of an hour. Client further acknowledges that the above rates may change to the future current rates without notice. Rates changes are expected on or about December 1st of each calendar year. Rate increase will not exceed 10% per year.

7. **LIMITED WAIVER OF ATTORNEY CLIENT PRIVILEGE:** Attorney may be required to apply to the bankruptcy court for approval of fees and expenses. The application is required to contain details about work performed on Client's case. Some information contained in the

## Kovacs Law, P.C.
Phone: (508) 926 – 8833 • E-Mail: Robert@KovacsLawFirm.com

application may be information that is protected by the attorney client privilege. To the extent necessary Client acknowledges and agrees, for the limited purpose of any necessary fee application and, only to the extent necessary for said application, that privileged information may be presented to the court.

8. **Home Loan Modification Services:** Home loan modification services are not expressly provided for in this fee agreement. Clients desiring or required to obtain a home loan modification are expected to work directly with their lender to obtain a home loan modification. Attorney will provide loan modification services at our hourly rates listed 6 above, as requested by Client.

9. **ASSIGNMENT OF LEGAL FEES HELD BY THE CHAPTER 13 TRUSTEE:** Client hereby assigns to Attorney, funds held by the Chapter 13 Trustee, up to and including the amount necessary to pay any outstanding fees and expenses due from Client to Attorney.

10. **Fees upon Dismissal or Conversation:** If your case is dismissed or converted, you irrevocably assign to Attorney your interest in all payments made to the Chapter 13 trustee which may otherwise be returned to you, and I may endorse trustee check(s) (if made out to you), to the extent that my fees have not otherwise been paid in full.

11. **Out-of-pocket expenses:** Client is responsible for out-of-pocket expenses in connection with this matter. Client hereby generally authorizes their payment, provided specific approval is obtained before incurring any specific disbursement in excess of $1,000.00. At the discretion of Attorney expenses may be advanced to client. In the event Attorney does not elect to advance expenses, then such expenses shall be payable prior to incurring the expense. Printing is charged per the Massachusetts Local Bankruptcy Rules at $0.15 per page.

12. **Client requirement to produce documents:** Client must provide Attorney all documentation required for Client's matter prior to filing the case with the court, or at a later time at the discretion of Attorney. Additionally, Client must timely supplement documents and produce additional documents at the request of Attorney in a timely manner throughout the case.

13. **Communication and Authority to Act:** Client must stay in connect with Attorney throughout the course of the case. Attorney and office staff shall make reasonable and appropriate efforts to communicate with Client. In the event Attorney is unable to communicate with Client, Client expressly consents to Attorney acting on Client's behalf.

14. **Communications with others:** Client agrees that Attorney may communicate the status of Client's case and other relevant information with the Court, other attorneys, creditors, collection agencies, or others as Attorney deems necessary.

15. **Termination of Agreement:** It is hereby acknowledged by Client and Attorney that Client retains the right to terminate this agreement at any time. Further, Attorney shall retain the right to terminate this agreement to provide services to Client provided Attorney seeks the permission of the Court in appropriate cases and provided the client is not unfairly prejudiced by this withdrawal.

16. **Automatic Termination:** At the discretion of Attorney this agreement may automatically terminate after 12 months from entering into this agreement, if your bankruptcy case has not yet been filed.

131 Lincoln Street • Worcester, MA 01605
www.KovacsLawPC.com

Page 3 of 4

2)     Appear at the 11 U.S.C. § 341 meeting of creditors with the debtor(s) and inform the debtor(s) as to the date, time, and place of any meeting(s) of creditors.

3)     Where appropriate, prepare, file, and serve motions and notices of hearings in connection with assisting the debtor(s) in achieving the goals of the chapter 13, such as filing modified chapter 13 plan(s), amended schedules and statements, motions to extend or impose the automatic stay, motions for turnover of repossessed property necessary for an effective reorganization, motions to avoid judicial liens on real or personal property, motions to deem a mortgage current, applications s to engage brokers, appraisers or special counsel, and motions for authority to sell property or incur debt.

4)     Review claims filed in the case, object to improper or invalid claims, or file surrogate claims, if warranted, based upon documentation provided by the debtor, and review and address Notices of Mortgage Payment Change, Notices of Fees, Expenses, and Charges, and Responses to Notices of Final Cure.

5)     Respond to reasonable inquiries to assist the debtor(s) in achieving the objectives of the chapter 13 case.

6)     When required, prepare, file, and serve an Application(s) for Compensation.

    The attorney and the debtor(s) acknowledge that (i) they have clearly stated in writing the fees to be charged for representing the debtor(s) in the chapter 13 case, (ii) neither the "no look" fee set forth in MLBR 13-7(e) nor any other amount paid by, or on behalf of the debtor(s) for services to be rendered in connection with a chapter 13 case, shall be considered to be a "flat fee" if reasonable fees incurred by the attorney for the debtor(s) for services actually rendered prior to or after the filing of the petition do not exceed compensation paid by or on behalf of the debtor(s), (iii) the debtor(s) may be entitled to a refund of some or all fees paid or retainer given under certain circumstances in the event that services rendered are not consistent with the time and labor expended, the novelty and difficulty of the questions involved, and/or the skill requisite to perform the services efficiently and in accordance with applicable rules and law, and (iv) the debtor(s) is entitled to seek review by the Court of the reasonableness of any fees or expenses.

    The signatures below reflect that the debtor(s) understands the responsibilities set forth above and that the attorney for the debtor(s) acknowledges responsibility to comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts, including the responsibilities set forth above. By signing below, the parties acknowledge that they have read and understand the foregoing provisions. The debtor(s) additionally acknowledges receiving an executed copy of this form.

Debtor: /s/ Keino O. Henry (3 EST)    Date: **February 14, 2023**   2/18/23

Joint Debtor: ____    Date: ____

Signature of Attorney for the Debtor(s): /s/ Mr. Robert W. Kovacs Jr.    Date: **February 14, 2023**

EXHIBIT 1

**RULE 13-7.   PROFESSIONAL COMPENSATION AGREEMENTS; DISCLOSURES; APPLICATIONS FOR COMPENSATION; PREPETITION COMPENSATION AND RETAINERS**

(a) Disclosure of Prepetition Retainers and Compensation. The amount of any retainer and any compensation received by the debtor's attorney within one year before the filing of the petition in bankruptcy or agreed to be paid for services rendered or to be rendered in contemplation of or in connection with the debtor's bankruptcy case shall be included in the Disclosure of Compensation of Attorney for Debtor (Director's Form B2030) filed pursuant to Fed. R. Bankr. P. 2016(b) (the "2016(b) Statement").

(b) Disclosure of Other Compensation. If the debtor's attorney has received payment of compensation for services provided to the debtor within one year before the filing of the petition in bankruptcy or has provided services to the debtor within one year before the filing of the petition in bankruptcy, other than in contemplation of or in connection with the debtor's bankruptcy case, the debtor's attorney shall file a statement disclosing the amount of such compensation (the "Supplemental Compensation Disclosure") in addition to the 2016(b) Statement to the extent not otherwise disclosed by the debtor on the Statement of Financial Affairs (Official Form 107) at Part 7 or 8.

(c) Engagement Letter/Fee Agreement.  In addition to any requirements of Rule 1.5 of the Massachusetts Rules of Professional Conduct and 11 U.S.C. § 528, the debtor's attorney shall enter into a written agreement with debtor describing the scope of representation and the basis or rate of the fees and expenses for which debtor will be responsible before or within a reasonable time after commencing representation. The agreement shall clearly state (i) the fees to be charged for representing the debtor in the chapter 13 case, (ii) that neither the "no look" fee set forth in subsection (e) below nor any other amount paid by, or on behalf of, the debtor for services to be rendered in connection with a chapter 13 case shall be considered to be a "flat fee," if reasonable fees incurred by the debtor's attorney for services actually rendered  prior to or after the filing of the petition do not exceed compensation paid by or on behalf of the debtor, (iii) that the debtor may be entitled to a refund of some or all fees paid or retainer given under certain circumstances in the event that services rendered are not consistent with the time and labor expended, the novelty and difficulty of the questions involved, and/or the skill requisite to perform the services efficiently and in accordance with applicable rules and law, and (iv) that the debtor is entitled to seek review by the Court of the reasonableness of any fees or expenses.  The debtor's attorney and the debtor shall also sign and file an acknowledgement consistent with MLBR Official Local Form 8.

(d) Refunds on Dismissal and Time Records Requirements. Time and expense records in connection with services rendered in contemplation of or in connection with the debtor's bankruptcy case shall be maintained by the debtor's attorney both before and after commencement of a chapter 13 case. If the chapter 13 case is dismissed and actual fees,

*kH*

calculated at hourly rates, and expenses incurred on behalf of the debtor for the chapter 13 case are less than amounts received by the debtor's attorney as a retainer, a "flat fee" or other compensation in contemplation of commencement of or in connection with the chapter 13 case, the amount by which such retainer, "flat fee" or other compensation exceeds actual fees, calculated at hourly rates, and expenses incurred by the debtor shall be refunded to the debtor unless authorized in writing by the debtor to be applied to post-dismissal services or otherwise ordered by the Court.

(e) "No Look" Amount. Unless otherwise ordered by the Court, if the debtor's attorney has been paid compensation or has accrued fees for services in contemplation of or in connection with the debtor's chapter 13 case at any time prior to entry of a confirmation order (including prepetition) (i) for pre-confirmation services totaling $4,000 or less and Qualified Expenses (defined below) totaling $1,000 or less and (ii) for post-confirmation services up to an additional $1,000, and any amount by which pre-confirmation fees were less than $4,000, plus Qualified Expenses, the disclosure of the compensation made in the 2016(b) Statement and in the Statement of Financial Affairs shall be sufficient and the filing of an itemized application for compensation shall be excused. Unless otherwise ordered by the Court, any payment of fees or expenses not made prior to the petition date and disclosed in a 2016(b) Statement shall be paid through a plan.

For purposes of this Rule, "Qualified Expenses" are out of pocket expenses actually incurred by the debtor's attorney on behalf of debtor for filing fees, appraisals or opinions of value, UCC searches, title examinations, credit reports, certified copies, recording fees, postage or third-party document service charges, and counseling and financial management courses offered by agencies meeting the requirements of 11 U.S.C. § 111. Qualified Expenses may also include charges for copying at a rate not to exceed 15 cents per page or such lesser amount as may be comparable to the charges of an outside copying service.

(f) Application Required for Compensation Exceeding the "No Look" Amount.

    (1)    Compensation up to $10,000. A debtor's attorney who is not exempt from filing an application for compensation pursuant to subsection (e) above, and who proposes to be paid total compensation of no more than $10,000 of fees in providing prepetition services in contemplation of, or postpetition services in connection with, the debtor's bankruptcy case shall file an application for compensation in accordance with MLBR Official Local Form 17 seeking approval of the full amount of such fees (not just the amounts in excess of the "no look" fee provided in subsection (e) above), unless the Court orders otherwise.

    (2)    Compensation in Excess of $10,000. An attorney who proposes to be paid total compensation in excess of $10,000 for services rendered in contemplation of or in connection with the debtor's bankruptcy case shall file an application for compensation in accordance with Fed. R. Bankr. P. 2016 and MLBR 2016-1

kH
KH

seeking approval of the full amount of such fees (not just the amounts in excess of the "no look" fee provided in subsection (e) above).

(g) Notwithstanding the requirements of subsection (f)(1) or (f)(2), an attorney required to file an application for compensation may, prior to allowance of such application, apply as interim compensation up to $4,000 of any amounts received prior to the petition date and disclosed in a 2016(b) Statement, subject to further order of the Court with respect to such application. An attorney required to file an application for compensation may also, prior to allowance of such application, pay Qualified Expenses up to $1,000 from any amounts received prior to the petition date and disclosed in a 2016(b) Statement, subject to further order of the Court with respect to such application.

(h) Service. Unless otherwise ordered by the Court, the debtor's attorney shall serve a copy of any application for compensation on the debtor, all creditors, parties requesting service of all pleadings, and the chapter 13 trustee and shall file a certificate of service evidencing such service to that effect with the application. If no objections are filed within twenty-one (21) days of service, the Court shall award fees in its discretion, with or without a hearing, in accordance with applicable law.

kH
KH